Filed 7/26/22; Certified for Publication 8/18/22 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G060656 |
| v. | (Super. Ct. No. 99NF0291) |
| VICTOR HUGO SALGADO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment order of the Superior Court of Orange County, Elizabeth G. Macias, Judge. Reversed and remanded with directions. Request for judicial notice. Grant.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Daniel Rogers and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Victor Hugo Salgado appeals from a recall and resentencing under former Penal Code section 1170, subdivision (d)(1).[1] Salgado argues the trial court erred in imposing a one-year determinate sentence on a gang enhancement, improperly calculated his custody credit, and requests this court correct clerical errors in the sentencing minute order and the abstract of judgment. The Attorney General concedes these errors, but argues the sentencing court should have imposed higher, statutorily prescribed terms on the enhancements.

While this appeal was pending, Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 699, § 3) came into effect on January 1, 2022. Assem. Bill 333 "amended section 186.22 to impose new substantive and procedural requirements for gang allegations." (*People v. Sek* (2022) 74 Cal.App.5th 657, 665 (*Sek*).) Additionally, on the same day, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7) (Assem. Bill 1540) came into effect, and moved the recall and resentencing provisions of former section 1170, subdivision (d), to new section 1170.03. Assem. Bill 1540 also clarified the Legislature's intent that the resentencing court would "apply ameliorative laws . . . that reduce sentences or provide for judicial discretion, regardless of the date of the offense of conviction." (Stats. 2021, ch. 719, § 1(i).)[2]

Subsequently, Salgado moved for permission to file supplemental briefing to address the effect of the recent amendments to the law, including Assem. Bill 333, on this case. We granted the motion, accepted for filing his supplemental opening brief, and invited the Attorney General to file a supplemental respondent's brief, which he did.

We conclude Salgado is entitled to the benefit of Assem. Bill 333 because his criminal judgment is no longer final following the recall and resentencing. Accordingly, we reverse the gang offense conviction and vacate the jury's true findings

---

[1] All further statutory references are to the Penal Code.

[2] The Legislature later renumbered section 1170.03 to section 1172.1, but made no substantive changes. (See Stats.2022, c. 58 (Assem. Bill. 200), § 9, eff. June 30, 2022.)

on the gang enhancement allegations.  We will remand the matter to afford the prosecution an opportunity to retry the gang crime and related enhancements.  Following any retrial, the trial court shall resentence Salgado pursuant to section 1172.1.

## I

### FACTUAL AND PROCEDURAL BACKGROUND

A.  *Jury Findings, Verdict, and Sentence*

After Salgado shot at a rival gang member but killed another, he was charged with one count of first degree murder (§ 187, subd. (a); count 1), one count of attempted premeditated murder (§§ 187, subd. (a), 664; count 2), two counts of assault with a semiautomatic firearm (§ 245, subd. (b); counts 3 & 4); one count of possession of a firearm while on probation (§ 12021, subd. (d); count 5), and one count of street terrorism (active gang participation) (§ 186.22, subd. (a); count 6).  As to counts 1 through 5, it was further alleged that the offenses were committed for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subdivision (b)(1)).  As to count 1, it was alleged Salgado personally discharged a firearm causing death (§ 12022.53, subdivision (d)), and as to all counts, it was alleged that defendant personally used a firearm to commit or attempt to commit the offense (§ 12022.5, subd. (a)).  Finally, a great bodily injury (GBI) enhancement (§ 12022.7) was alleged as to counts 3 and 4.

On January 6, 2005, a jury acquitted Salgado of first degree murder in count 1, but convicted him of second degree murder; it convicted him of attempted murder in count 2, but found not true the premeditation allegation.  The jury also convicted Salgado on counts 3 through 6.  It found true all firearm, gang and GBI allegations.  Salgado was sentenced to a total term of 63 years to life.  After Salgado appealed, this court affirmed his convictions and sentence in an unpublished opinion.  (See *People v. Salgado* (April 23, 2007, G035261) [nonpub. opn.].)

B.  *Recall and Resentencing*

On July 26, 2018, the Secretary of the California Department of Corrections and Rehabilitation sent a letter to the superior court noting imposition of both a gang enhancement and a firearm enhancement on the aggravated assault convictions was contrary to recent case law, and recommended resentencing under former section 1170, subdivision (d)(1).  On August 20, 2021, the trial court resentenced  Salgado to a new term of 41 years to life, consisting of 15 years to life on count 1, plus 25 years to life for the personal firearm discharge causing death enhancement (§ 12022.53, subd. (d)), plus one year for the gang enhancement (§ 186.22, subd. (b)(1)).  The court imposed low terms on counts 2 through 4 and ran them concurrently to count 1.  It imposed the low terms on counts 5 and 6, but stayed the sentence pursuant to section 654.

II

DISCUSSION

Salgado was convicted of active participation in a criminal street gang and the jury made true findings on five gang enhancements.  Salgado argues Assem. Bill 333 applies retroactively to his case.  He thus contends his conviction on the substantive gang offense must be reversed and the jury's true findings on the gang enhancements be vacated because the jury was not asked and thus did not make the newly required factual determinations under Assem. Bill 333.  (See *Sek*, *supra*, 74 Cal.App.5th at p. 665 [Assem. Bill 333 modified the elements required to prove a gang offense and related enhancements].)

The Attorney General does not dispute that if Assem. Bill 333 applies, the gang offense conviction and enhancements must be reversed.  He also does not dispute that Assem. Bill 333 applies retroactively where a defendant's judgment was not final before the amendments took effect.  (See *In re Estrada* (1965) 63 Cal.2d 740, 748 (*Estrada*) [statutory changes that reduce punishment for a crime apply retroactively to all judgments not yet final on statute's effective date].)  Courts of Appeal that have

4

addressed this issue have so concluded, and we agree with their reasoning.  (See, e.g., *Sek*, supra, 74 Cal.App.5th at p. 667 [Assem. Bill 333 applies retroactively under *Estrada*]; *People v. Lopez* (2021) 73 Cal.App.5th 327, 344 (*Lopez*) [same].)  The Attorney General, however, argues Assem. Bill 333 does not apply in this case because Salgado's conviction and enhancements findings were final long before the enactment of Assem. Bill 333.  We are not persuaded.

The California Supreme Court has recently held that "once a court has determined that a defendant is entitled to resentencing, the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence."  (*People v. Padilla* (2022) 13 Cal.5th 152, 163.)  Accordingly, when Salgado was resentenced under former section 1170, subdivision (d), his criminal judgment was "no longer final." (*People v. Montes* (2021) 70 Cal.App.5th 35, 47-48 (*Montes*) ["[R]esentencing pursuant to section 1170, subdivision (d), effectively vacated the earlier judgment."].)

The Attorney General further argues that if we conclude Assem. Bill 333 applies, we should remand the matter to provide the prosecution an opportunity to prove the gang offense and enhancements under the newly amended gang statute.  The Attorney General's argument is well taken.  As the *Sek* court stated: "'Because we do not reverse based on the insufficiency of the evidence required to prove a violation of the statute as it read at the time of trial, the double jeopardy clause of the Constitution will not bar a retrial.  [Citations.]  "'Where, as here, evidence is not introduced at trial because the law at that time would have rendered it irrelevant, the remand to prove that element is proper and the reviewing court does not treat the issue as one of sufficiency of the evidence.' [Citation.]"  [Citations.]'"  (*Sek*, *supra*, 74 Cal.App.5th at pp. 669-670.)  We agree with the *Sek* court and conclude the prosecution can retry Salgado on the gang offense and enhancements.  (See also *Lopez, supra,* 73 Cal.App.5th at p. 346 ["conclud[ing] that the gang-related enhancement findings must be vacated and the matter remanded to give the

5

People the opportunity to prove the applicability of the enhancements under the amendments to section 186.22"].)

On remand, following any limited retrial on the gang allegations, the trial court shall conduct a full resentencing pursuant to section 1172.1. (See *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1038 [where a case involving former section 1170, subd. (d)(1) was on appeal at the time Assem. Bill 1540 went into effect, the appropriate remedy is to reverse and remand so that the trial court can consider the clarified procedure and guidelines of section 1170.03 [now section 1172.1]].) Section 1172.1, subdivision (a)(2), provides that "[t]he court, in recalling and resentencing under this subdivision, shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion." In light of the possibility of future amendments or case law that reduce sentences or provide for judicial discretion, or expand or *restrict* eligibility to such remedies, we decline to address Salgado's various sentencing claims. We reiterate that the trial court must apply all "changes in law that reduce sentences or provide for judicial discretion" in effect at the time of the sentencing hearing. We also note that the sentencing court must recalculate the custody credits. (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 29 ["[W]hen a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody"].)

## III

### DISPOSITION

The conviction for the gang offense (§ 186.22, subd. (a)) is reversed, and the jury's true findings on the gang enhancement allegations are vacated. The matter is remanded to the trial court for further proceedings consistent with this opinion.

BEDSWORTH, ACTING P. J.

WE CONCUR:

MOORE, J.

GOETHALS, J.

7

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G060656 |
|      v. | (Super. Ct. No. 99NF0291) |
| VICTOR HUGO SALGADO, | ORDER GRANTING REQUEST FOR PUBLICATION |
|    Defendant and Appellant. | |

      The Office of the State Public Defender has requested that our opinion, filed on July 26, 2022, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED.

The opinion is ordered published in the Official Reports.


                                                    BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


GOETHALS, J.